UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ELENA STRUJAN,

                Plaintiff,

       - against -

STORAGE FOX SELF STORAGE;
JIMMY MUNDADAN; RUBY CONTRERAS;
JOE/JANE DOES,

                Defendants.
------------------------------------------------------------------X

**MEMORANDUM AND ORDER**
18-CV-4620 (RRM) (SMG)

ROSLYNN R. MAUSKOPF, United States District Judge.

Plaintiff Elena Strujan,[1] appearing *pro se*, filed this action against defendants pursuant to the Court's diversity jurisdiction. The Court grants Strujan's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purposes of this Order. The complaint is dismissed as set forth below.

## BACKGROUND

Strujan brings this action seeking damages against Storage Fox Self-Storage and its employees for breach of contract. Strujan alleges that items are missing from her storage unit, that she was "hit by a big plastic plane" at the storage facility, and that she was locked out and evicted from her storage unit. (Compl. (Doc. No. 1-1) at 11–12.) In addition to over $100 million in damages, Strujan seeks a "default judgment." (*Id.* at 5, 49–54.)

## STANDARD OF REVIEW

Although the Court is required to read Strujan's *pro se* complaint liberally and interpret it as raising the strongest arguments it suggests, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), a

---

[1] Strujan has filed six other cases in this Court. *See Strujan v. Davis*, No. 14-CV-1972 (RRM) (SMG) (closed Mar. 29, 2019); *Strujan v. DeBlasio, et al.*, No. 16-CV-3150 (RRM) (SMG) (closed Mar. 26, 2019); *Strujan v. Fiden & Norris, LLP, et al.*, No. 16-CV-4365 (RRM) (SMG) (closed Mar. 8, 2017); *Strujan v. Cuomo, et al.*, No. 16-CV-5418 (RRM) (SMG) (closed Mar. 8, 2017); *Strujan v. Glencord Building Corp., et al.*, No. 17-CV-629 (RRM); *Strujan v. Office of N.Y. State Governor, et al.*, No. 17-CV-1566 (RRM) (SMG).

complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Nevertheless, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Finally, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action. If the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *See Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000, *id*. § 1332. "The party invoking federal jurisdiction bears the burden of establishing that jurisdiction exists." *Conyers v. Rossides*, 558 F.3d 137, 143 (2d Cir. 2009) (internal quotation marks omitted) (citation omitted); *see also Harrison v. New York*, 95 F. Supp. 3d 293, 311 (E.D.N.Y. 2015).

For a federal court to exercise subject matter jurisdiction based on diversity, there must be complete diversity of citizenship between all plaintiffs and all defendants. *See Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter

2

jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants." (citation omitted)); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) (summary order) ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction."). For purposes of diversity of citizenship, a corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *see Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt., LLC*, 692 F.3d 42, 48 (2d Cir. 2012).

Although Strujan invokes the Court's diversity jurisdiction, (Compl. (Doc. No. 1) at 4), she fails to provide the citizenship of defendants. (*Id.* at 4–5.) She alleges that she is a citizen of New York but crosses out the section of the form complaint seeking information on the citizenship of defendants. (*Id.*) In any event, Strujan provides New York City addresses for each of the defendants. (*Id*. at 2–3.) As such, Strujan fails to establish diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1); *Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 325 (2d Cir. 2001) (holding that the diversity statute mandates complete diversity).

Moreover, Strujan's complaint fails to establish federal question jurisdiction. Under the federal question statute, the Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *Bracey v. Bd. of Educ. of City of Bridgeport*, 368 F.3d 108, 113 (2d Cir. 2004). A case arises under federal question jurisdiction where federal law creates the plaintiff's cause of action or where "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Id.* (internal quotation marks omitted) (citation omitted); *see also New York ex rel. Jacobson v. Wells Fargo Nat'l Bank, N.A.*, 824 F.3d 308, 315 (2d Cir. 2016). Here, Strujan's alleged breach of contract and other allegations arise under state law. *See JP Morgan Chase Bank, N.A. v.*

*Hunter Grp., Inc.*, No. 10-CV-917 (JFB) (ETB), 2010 WL 5313547, at *3 (E.D.N.Y. Dec. 20, 2010) ("Plaintiff's claims for breach of contract [are] governed by state law, not federal law."). Thus, federal question jurisdiction is lacking. Even liberally construing Strujan's claims, she fails to allege any facts to support either diversity or federal question jurisdiction. Because the Court lacks federal question or diversity jurisdiction, and thus lacks subject matter jurisdiction, dismissal is mandatory.

## ORDER TO SHOW CAUSE

As this is Strujan's seventh action, she is hereby directed to show cause why she should not be enjoined from filing any new *in forma pauperis* action without first obtaining permission from this Court.[2] "The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks omitted) (citations omitted); *see also Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005); *MLE Realty Assocs. v. Handler*, 192 F.3d 259, 261 (2d Cir. 1999); *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (outlining factors to be considered in imposing filing injunction); 28 U.S.C. § 1651(a) (establishing the power of federal courts to issue writs "necessary or appropriate in aid of their respective jurisdictions").

Accordingly, Strujan shall submit to this Court, within thirty (30) days of the date of this Order, a written affirmation setting forth good cause why this injunction should not be imposed upon her by the Court. If she fails to submit her affirmation within the time allowed, or her

---

[2] The Court repeatedly notified Strujan in her prior cases that she would be subject to a filing injunction should she continue to abuse the Court's judicial resources. *See Strujan v. DeBlasio, et al.*, No. 16-CV-3150 (RRM) (SMG); *Strujan v. Fiden & Norris, LLP, et al.*, No. 16-CV-4365 (RRM) (SMG); *Strujan v. Cuomo, et al.*, No. 16-CV-5418 (RRM) (SMG); *Strujan v. Glencord Building Corp., et al.*, No. 17-CV-629 (RRM); *Strujan v. Office of N.Y. State Governor, et al.*, No. 17-CV-1566 (RRM) (SMG).

affirmation fails to provide a valid basis for why the filing injunction should not issue, Strujan shall be barred from filing any further *in forma pauperis* actions in this Court without first obtaining the Court's permission to do so.

## CONCLUSION

Accordingly, the complaint is dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). Strujan's application for a default judgment is denied. Defendant Storage Fox's motions for an extension of time to file an Answer and for a pre-motion conference (Doc. Nos. 5, 6, 10) are denied as moot. The Clerk of Court is directed to enter Judgment, and close this file.

The Court further directs Strujan to show cause within 30 days from the date of this Memorandum and Order why she should not be enjoined from filing any new *in forma pauperis* action without first obtaining the Court's permission, as set forth above.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to send via overnight mail a copy of this Memorandum and Order and accompanying Judgment to Strujan, and note the mailing on the docket.

                                            SO ORDERED.

Dated: Brooklyn, New York                        *Roslynn R. Mauskopf*
       September 27, 2019

                                            _____
                                            ROSLYNN R. MAUSKOPF
                                            United States District Judge